UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Sarah Clark,<br><br>                Plaintiff,<br>v.<br><br>Century Financial Services, Inc.; and DOES 1-10, inclusive,<br><br>                Defendants. | Civil Action No.: 3:15-cv-365<br><br>COMPLAINT<br><br>March 12, 2015 |

For this Complaint, the Plaintiff, Sarah Clark, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. ("TCPA") and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Sarah Clark ("Plaintiff"), is an adult individual residing in Stratford, Connecticut, is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and is a "person" as defined by 47 U.S.C. § 153(39).

5. Defendant Century Financial Services, Inc. ("Century"), is a Connecticut business entity with an address of 23 Maiden Lane, North Haven, Connecticut 06473, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and is a "person" as defined by 47 U.S.C. § 153(39).

6. Does 1-10 (the "Collectors") are individual collectors employed by Century and

whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Century at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. **The Debt**

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meet the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Century for collection, or Century was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **Century Engages in Harassment and Abusive Tactics**

12. Within the last year, Century began calling Plaintiff's cellular telephone, number 413-XXX-1561, in an attempt to collect the Debt.

13. Century called Plaintiff from telephone number 203-234-8462, using an automated telephone dialing system ("ATDS") and an artificial or prerecorded voice.

14. When Plaintiff answered calls from Century she heard a prerecorded voice stating that Century was calling on behalf of Yale New Haven Hospital billing and requested that Plaintiff return the call.

15. Century did not provide an opt-out option and did not connect Plaintiff to a live representative.

16. On or about February 11, 2015, Plaintiff sent Century a letter requesting that the ATDS calls, and all calls, cease.

17. Nevertheless, Century continued to call Plaintiff using an ATDS.

C. <u>Plaintiff Suffered Actual Damages</u>

18. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

20. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Defendants' conduct violated 15 U.S.C. § 1692c(c) in that Defendants contacted the Plaintiff after having received written notification from the Plaintiff to cease communication.

23. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

24. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

25. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

26. The foregoing acts and omissions of the Defendants constitute numerous and

multiple violations of the FDCPA, including every one of the above-cited provisions.

27. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

## VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT,

Conn. Gen. Stat. § 42-110a, et seq.

28. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The Defendants are each individually a "person" as defined by Conn. Gen. Stat. § 42-110a(3).

30. The Defendants engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).

31. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT III

## VIOLATIONS OF THE TCPA –

47 U.S.C. § 227, et seq.

32. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. At all times mentioned herein and within the last four years, Defendants called Plaintiff on her cellular telephone using an automatic telephone dialing system ("ATDS") and a prerecorded or artificial voice.

34. Despite being directing to cease all calls, Defendants continued to place automatic telephone calls to Plaintiff's cellular telephone. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

35. The telephone number called by Defendants was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

36.     The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

37.     Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

38.     Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each call made in knowing and/or willful violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;
4. Actual damages pursuant to Conn. Gen. Stat. § 42-110g;
5. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);
6. Punitive damages; and
7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

**Dated: March 12, 2015**

Respectfully submitted,

By   /s/ Sergei Lemberg

Sergei Lemberg, Esq.
LEMBERG LAW L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:   (203) 653-3424
**Attorney for Plaintiff**